**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FELIZ A. RAEL, *Special Administrator of the*
*Estate of* TERRY BOULWARE, MD.; and
SONDA BOULWARE, DNP,

      Plaintiffs,

v.                               Case No. 1:26-cv-1564-SMD-KRS

ALLEN LAW FIRM, LLC; MEENA H.
ALLEN, ESQ.; and ASPEN SPECIALTY
INSURANCE COMPANY,

      Defendants.

## JURISDICTIONAL ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal ("NOR"), filed by Defendant Aspen Specialty Insurance Company ("Aspen"). (Doc. 1). As discussed below, Aspen must show cause why this case should not be remanded for lack of subject matter jurisdiction over the removed state court complaint.

### *Background*

This case involves an insurance claim over medical malpractice liability coverage. Dr. Boulware (now deceased), his spouse Sonda Boulware, DNP, and what appear to be related business entities,[1] were defendants along with others in a medical malpractice case brought in state court (hereinafter "the Medical Malpractice Lawsuit").[2] As their insurer, Aspen was providing a

---

[1] Southwest Heart, P.C., and Southwest Heart Physician Services, LLC.

[2] *Todd Lopez, Esq., as Personal Representative of the Wrongful Death Estate of Michael J. Gants, et al. v. Three Crosses Regional Hospital, LLC, et al.*, First Judicial District, County of Santa Fe, New Mexico, Case No. D-101-CV-2024-02251.

defense to Dr. Boulware, NP Boulware, and the related entities under a reservation of rights. Meena Allen, of the Allen Law Firm, was retained to represent those defendants in the Medical Malpractice Lawsuit. Dr. Boulware died in October 2025, and Feliz Rael, Esq., was appointed Special Administrator of Dr. Boulware's Estate ("the Estate"). The Estate was then substituted for Dr. Boulware as defendant in the Medical Malpractice Lawsuit. Several months later, in March 2026, a settlement was reached in the Medical Malpractice Lawsuit. Around that same time, the Estate and NP Boulware (collectively "the Boulware Parties") filed the currently operative complaint in this matter (hereinafter "the State Court Complaint") naming as defendants Aspen as well as Meena Allen and the Allen Law Firm (hereinafter "the Allen Defendants").[3] The claims against Aspen are for breach of insurance contract and various insurance bad faith practices claims in the Medical Malpractice Lawsuit, while the claims against the Allen Defendants are for legal malpractice in the Medical Malpractice Lawsuit.

On April 2, 2026, which was before Aspen had been served with the State Court Complaint, Aspen filed its own legal action based upon the Medical Malpractice Lawsuit. *See Aspen Specialty Insurance v. Southwest Heart, P.C.*, 26-cv-1000-JFR-JMR (D.N.M., *filed* April 2, 2026) (hereinafter "Declaratory Judgment Action"). Naming the Boulware Parties and related entities (*see supra* note 1) as defendants, Aspen's Declaratory Judgment Action seeks a declaration that Aspen has no duty under the insurance contract to insure the Boulware Parties for the Medical Malpractice Lawsuit.

On April 13, 2026, the Medical Malpractice Lawsuit was officially dismissed based on the March 2026 agreement to settle. Two days later, on April 15, 2026, Aspen received service of the

---

[3] *See* (Doc. 1-2 at 1-12 (Complaint for Legal Malpractice, etc., in *Rael et al. v. Allen Law Firm, LLC et al.*, Case No. D-02-cv-2026-02716 (Second Judicial District Court, County of Bernalillo, filed Mar. 18, 2026)).

State Court Complaint in this matter. Aspen removed the State Court Complaint on May 15, 2026, asserting federal court subject-matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). The NOR asserts that Aspen does not need the consent of the Allen Defendants to remove the State Court Complaint[4] because those defendants "have been improperly misjoined." (Doc. 1 at 4). For the same reason, the NOR asserts that the Court may disregard the citizenship of the Allen Defendants in determining its subject matter jurisdiction over the State Court Complaint. (*Id.* at 2-3). In addition to the NOR, Aspen filed a motion to sever the claims against the Allen Defendants, and to consolidate the claims against Aspen with Aspen's Declaratory Judgment Action. *See* (Doc. 2).

### *Discussion*

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)). As the party asserting federal jurisdiction, Aspen bears the burden of adequately pleading, and ultimately proving, subject matter jurisdiction. *See Anderson v. XTO Energy, Inc.,* 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). At issue here is whether the NOR adequately alleges facts showing that the State Court Complaint satisfies the requirement of complete diversity. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is

---

[4] *See* 8 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served" at the time a notice of removal is filed "must join in or consent to the removal of the action.").

complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

The NOR for the most part adequately alleges that the Boulware Parties are citizens of New Mexico,[5] and that Aspen is a citizen of North Dakota and New Jersey. But the NOR concedes that, on the face of the State Court Complaint, there is *not* complete diversity in this case because, like the Boulware Parties, the Allen Defendants are citizens of New Mexico.[6] "Complete diversity is

---

[5] Specifically, the NOR alleges that "Plaintiffs were, at all relevant times to the Complaint, individuals who are residents of New Mexico *and therefore citizens* of New Mexico for purposes of diversity jurisdiction." (Doc. 1 at 2 (emphasis added)). Citizenship for purposes of diversity jurisdiction is determined by a person's domicile, which is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *De La Rosa v. Reliable, Inc.,* 113 F. Supp. 3d 1135, 1151 (D.N.M. 2015) (quotation marks and citations omitted). Equating citizenship with residence, as the NOR does here, is generally insufficient to allege diversity jurisdiction. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.,* 781 F.3d 1233, 1238 (10th Cir. 2015) ("[A]n allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court."); *see also Simon v. Taylor,* 455 F. App'x 444, 446 n.2 (5th Cir. 2011) ("It is important to distinguish between citizenship and residency, because a citizen of one state may reside for a term of years in another state, of which he is not a citizen; for, citizenship is clearly not co-extensive with inhabitancy." (internal quotation marks and citation omitted)). The Court recognizes that this defect in the NOR's jurisdictional allegations is likely more a matter of form than substance. *See, e.g., McEntire v. Kmart Corp.,* No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) (noting that residency is "*prima facie* evidence" of citizenship). Nevertheless, if Aspen files an amended NOR pursuant to this Order or at any time thereafter, it should correct the language used to allege the citizenship of the Boulware Parties to accurately reflect that residency is not the equivalent of citizenship. *See, e.g., Reece v. AES Corp.,* 638 F. App'x 755, 769 (10th Cir. 2016) ("To be sure, the place of residence is prima facie the domicile. But allegations of mere residence may not be equated with 'citizenship." (internal quotation marks and citations omitted)); *Lopez v. Spur Energy Ptns., LLC*, No. CIV 22-0937 JB/LF, 2024 WL 5263705, at *5 (D.N.M. Dec. 31, 2024) (citing *McEntire,* 2010 WL 553443, at *8, for the proposition that, "when faced with insufficient allegations in the notice of removal—allegations of 'residence' not 'citizenship'—the Court granted the defendants leave to amend their notice of removal to cure the errors in some of the formalistic technical requirements" (internal quotation marks omitted)).

[6] Like the NOR's allegations concerning the citizenship of the Boulware Parties, *see* note 5, *supra*, the NOR's allegations concerning the citizenship of the Allen Defendants are also deficient, at least as to form. The NOR alleges that the Allen Defendants are citizens of New Mexico because Defendant Meena Allen is "a *resident* of New Mexico," and because Defendant Allen Law Firm LLC is "a domestic limited liability company in the State of New Mexico." (Doc. 1 at 2 (emphasis added)). If Aspen files and amended NOR, it should correct the language that equates Defendant Meena Allen's citizenship with her place of residence. Additionally, the citizenship of a limited liability company is not determined by its place of formation, as alleged in the NOR. Instead, a limited liability company is deemed a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1237-38. Moreover, "[w]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018). Thus, to properly allege the citizenship of the Allen Law Firm LLC, Aspen "must specifically identify each of [the] members [of the Allen Law Firm LLC] as well as the state of citizenship for each of those members." *Clinton Hampton, LLC v. ProCentury Ins. Co.*, No. CIV-23-331-F, 2023 WL 3026718, at *1 (W.D. Okla. Apr. 20, 2023) (internal citation omitted); *see also MPG Endeavors LLC v. Tygris Med. LLC,* No. 21-CV-

lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson,* 733 F.3d 980, 987 (10th Cir. 2013). To get around this problem, the NOR alleges that the Court can ignore the citizenship of the Allen Defendants because "Plaintiffs have improperly joined their claims against the Allen Defendants with their claims against Aspen for the purpose of defeating diversity jurisdiction." (Doc. 1 at 3). In further explanation, the NOR argues:

> Specifically, as set forth in further detail in Aspen's Motion to Sever and Consolidate to be filed in this action, the claims asserted against the Allen Defendants should be severed because they are not necessary parties under Fed. R. Civ. P. 19(a); and/or are indispensable parties under Fed. R. Civ. P. 19(b); and/or should not be permissively joined under Fed. R. Civ. P. 20(a) and/or 20(b), and because Aspen's pending declaratory judgment action in the United States District Court for the District of New Mexico, *Aspen Specialty Ins. Co. v. Feliz Rael, Esq., as Special Administrator of the Estate of Terry Boulware, M.D.*, Case 1:26-cv-01000, provides a more efficient forum for the adjudication of the claims asserted against Aspen.

(*Id.*).

Initially, the Court notes that Aspen's arguments based on Rules 19 and 20 of the Federal Rules of Civil Procedure for severing the Boulware Parties' claims against the Allen Defendants from their claims against Aspen are largely irrelevant to the issue presently before the Court. The issue before the Court is whether removal to federal court was proper in the first instance. And generally speaking, "a case cannot be removed if it began with a nondiverse party or forum-citizen defendant, and only later came to satisfy the requirements of removal jurisdiction." *Lopez*, 2024 WL 5263705, at *2. There are three possible exceptions to that rule: (i) the plaintiff voluntarily dismisses the removal-spoiling parties; (ii) the removal-spoiling parties were fraudulently joined; or (iii) the removal-spoiling parties were procedurally misjoined. *Id.* (citations omitted). The

---

02581-PAB, 2021 WL 5447028, at *1 (D. Colo. Nov. 22, 2021) (allegations held insufficient where, among other things, "petitioner has not identified respondent's members").

Boulware Parties have not voluntarily dismissed their claims against the Allen Defendants. Nor is it relevant that Aspen has moved to sever those claims based on arguments that those defendants are neither necessary nor indispensable parties. Had Aspen moved to sever the claims in question while the case was pending in state court and been successful in achieving that result, it would have obtained grounds for removal at that time. But later success in obtaining a discretionary severance pursuant to Rules 19 and 20(b) *after* the removal has already occurred is an insufficient basis for the removal at the time it occurred. The only bases for removal prior to severance is if Aspen can successfully show that the State Court Complaint either fraudulently joins or fraudulently misjoins[7] the claims against the Allen Defendants with the claims against Aspen. From the NOR, it is clear that Aspen relies solely on the doctrine of fraudulent misjoinder. *See* (Doc. 1 at 1 (asserting that the claims against the Allen Defendants for legal malpractice have been "improperly misjoined with the claims asserted against Aspen"). Therefore, the Court will limit its analysis to that doctrine.[8]

---

[7] The term "fraudulent misjoinder" is used interchangeably with the term "procedural misjoinder." *See Lopez*, 2024 WL 5263705, at *10 & n.7. Moreover, "fraudulent *misjoinder*," i.e., procedural misjoinder, is distinct from "fraudulent *joinder*." *See id.* at *11 ("'Procedural misjoinder' … is a recent development that is related to fraudulent joinder, but distinct from it."). Both, however, are "term[s] of art. [They] do[ ] not reflect on the integrity of plaintiff or counsel, but rather exist[ ] regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Baeza v. Tibbetts*, No. CIV 06-0407, 2006 WL 2863486, at *1 n.1 (D.N.M. July 7, 2006). The Court therefore disregards Aspen's assertion that the Boulware Parties joined their claims against the Allen Defendants with their claims against Aspen "for the purpose of defeating diversity jurisdiction." (Doc. 1 at 3). The Boulware Parties' "purpose" in joining their claims is irrelevant to the matters addressed in this Order.

[8] The doctrine of fraudulent joinder does not apply in any event. The fraudulent joinder doctrine inquires into the substantive factual or legal basis for the plaintiff's claims against the jurisdictional spoiler. *Lee v. Rafael Andres Heredia-gallegos*, No. 23-CV-01184-RMR-STV, 2023 WL 6904542, at *3 (D. Colo. Sept. 7, 2023) (internal quotation marks and citation omitted), *report and recommendation adopted sub nom. Lee v. Heredia-Gallegos*, No. 23-CV-01184-RMR-STV, 2023 WL 7089903 (D. Colo. Oct. 26, 2023). For a court to apply the doctrine of fraudulent joinder, it must essentially find that the plaintiff has no valid cause of action against the non-diverse defendant. *See Lopez*, 2024 WL 5263705, at *6. Aspen has not argued, nor could it, that the Boulware Parties have no claim of any sort against the Allen Defendants. Therefore, fraudulent joinder is not available to Aspen as an argument for disregarding the citizenship of the Allen Defendants in assessing the Court's subject matter jurisdiction on removal.

"Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lopez*, 2024 WL 5263705, at *11 (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 HARV. J.L. & PUB. POL'Y 569, 572 (2006) (footnotes omitted)). In *Lopez*, District Judge Browning cited a Tenth Circuit case in which that court declined to adopt the doctrine of procedural misjoinder because it would not have changed the result in that case. *Id.* at *12 (citing *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010)). Many district courts have expressed concern that adopting procedural misjoinder as a basis for removing a case with nondiverse parties might be an overreach of the court's jurisdictional authority. *See, e.g., City of Philadelphia v. S.C. Johnson & Son,* No. CV 25-6120, 2026 WL 1195594, at *4 (E.D. Pa. Apr. 30, 2026). Judge Browning, however, has adopted and applied the doctrine in several cases, although in none has the removing party been successful in showing that the doctrine should be applied to avoid a remand. *See Lopez*, 2024 WL 5263705, at *12. As another district court in this Circuit has noted, "[o]n the two occasions that the Tenth Circuit has addressed the doctrine, it has neither adopted nor rejected its application," and "[t]his lack of controlling authority, combined with an absence of direction from the Supreme Court ... or a majority of the circuits, has led numerous district courts within this Circuit to refuse to apply the procedural misjoinder doctrine as a basis for retaining jurisdiction over a nondiverse removed action." *Dillsaver v. Williams*, No. CIV-22-265-G, 2025 WL 2623455, at *3 (W.D. Okla. Sept. 11, 2025) (internal quotation marks and citations omitted). The *Dillsaver* court ultimately held that, "[w]hile there may be many good reasons to adopt procedural misjoinder, it is beyond the purview of this Court to adopt new doctrines regarding jurisdiction, particularly when the Supreme Court has instructed that there is a presumption that a cause lies

7

outside of a federal court's limited jurisdiction, and that federal jurisdiction is not to be expanded by judicial decree." *Id.* at *3-4 (internal quotation marks and citations omitted).

It may not be necessary to decide in this case whether to adopt the fraudulent or procedural misjoinder doctrine, however, if the requirements for its application cannot be shown in any event. *See, e.g., Core Dev. TCB, LLC v. Covington Specialty Ins. Co.*, No. CIV-24-925-PRW, 2024 WL 5191378, at *2 (W.D. Okla. Dec. 20, 2024) ("[U]nlike the doctrine of fraudulent joinder, fraudulent misjoinder has not been widely accepted, and when it has been accepted, it has not been uniformly applied. … The Court need not wade into the debate, however, because even if the Court were to adopt the doctrine of fraudulent misjoinder, Plaintiff had a reasonable procedural basis for joining the Roofing Defendants."). In other words, if the Boulware Parties had a procedural basis for joining their claims against the Allen Defendants with their claims against Aspen, then removal would be improper regardless of whether the Court were to accept procedural misjoinder as a legitimate basis for removal of a case involving non-diverse parties. Whether the Boulware Parties had the right to permissively join their claims against the Allen Defendants with their claims against Aspen turns on Federal Rule 20(a). "Party joinder under Rule 20(a) has only 'minimal requirements.' Such joinder only requires (i) that the claims by or against the party to be joined arise from the same transaction, occurrence, or series of transactions or occurrences underlying the claims by or against the party with which it seeks to join; and (ii) the claims by or against the party to be joined share at leas[t] one question of law or fact with the claims by or against the party with which it seeks to join." *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1247 (D.N.M. 2013) (quoting *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 585 (D.N.M. 2010)).[9]

---

[9] Arguably, the proper inquiry is whether joinder satisfied the requirements for permissive joinder under New Mexico law, given that the complaint was filed in state court. But New Mexico's permissive joinder rule, NMRA, Rule 1-020, is essentially identical to Federal Rule 20. Therefore, the Court may look to federal law for guidance even if the

Aspen's motion to sever and consolidate does not attempt to argue that the joinder of the two sets of claims in the State Court Complaint was improper under Rule 20(a). Instead, it argues that the "Allen Defendants are dispensable parties" (Rule 19), and that "[t]he Court should exercise the broad discretion afforded under Rule 21 [and Rule 20(b)] to sever and remand the claims brought against the Allen Defendants from those against Aspen, *to maintain* diversity jurisdiction over the claims against Aspen and to consolidate the removed matter with Aspen's Declaratory Judgment action already pending in this Court." (Doc. 2 at 1 (emphasis added)). Stated otherwise, Aspen does not argue that the Boulware Parties had "no reasonable procedural basis to join [the Allen Defendants] in one action" with Aspen, as would be required to demonstrate procedural misjoinder. *See Lafalier*, 391 F. App'x 739. Rather, Aspen instead urges that the Court find good grounds to impose a permissive, discretionary severance. *See Frie v. State Farm Auto. Ins. Co.*, No. 1:25-CV-00711-CNS-SBP, 2026 WL 567205, at *3 (D. Colo. Feb. 17, 2026), *report and recommendation adopted sub nom. Frie v. Drywall*, No. 1:25-CV-00711-CNS-SBP, 2026 WL 878854 (D. Colo. Mar. 31, 2026). The precursor issue to the permissive, discretionary severance issue that Aspen has raised in both the NOR and its motion to sever and consolidate—which Aspen never addresses—is whether this Court ever acquired diversity jurisdiction in the first instance.

The State Court Complaint alleges that the Allen Defendants committed legal malpractice in the Medical Malpractice Lawsuit by failing to timely retain and designate a qualified expert, failed to communicate with Dr. Boulware, or, after Dr. Boulware's death, the Special Administrator, and failed to exercise reasonable care in the defense of Dr. Boulware. (Doc. 1-2 ¶ 19). Meanwhile, the State Court Complaint alleges that Aspen breached its contractual obligation

---

applicable procedural rule were the state rule. *See Lopez, Sr. v. Las Cruces Police Dep't*, 2006-NMCA-074, ¶ 14, 139 N.M. 730, 736, 137 P.3d 670, 676 (N.M. Ct. App. June 29, 2006).

to insure the Boulware Parties for the loss sustained in the Medical Malpractice Lawsuit and acted in bad faith with regard to that Lawsuit. The State Court Complaint further alleges that, as a direct and proximate cause of [the Allen] Defendants' [and Aspen's] acts and omissions, individually and collectively, Plaintiff Boulware was forced to resolve the [Medical Malpractice Lawsuit] by using Estate funds to settle the case." (*Id.* ¶ 21). At first glance, the claims at issue in the State Court Complaint appear to satisfy the requirements of Rule 20(a) for permissive joinder. If that is the case, then the State Court Complaint does not suffer from procedural *misjoinder*, and diversity jurisdiction never came into existence. The Court will reserve judgment, however, until the parties weigh in on the matter. The parties should address whether the claims have been misjoined pursuant to Rule 20(a), and, if not, whether there is removal jurisdiction notwithstanding the lack of Rule 20(a) misjoinder. If Rule 20(a) misjoinder can be shown, the parties should address whether the procedural misjoinder doctrine should be adopted by the Court as a basis for establishing diversity jurisdiction in this case.

**IT IS THEREFORE ORDERED** that, no later than **June 16, 2026,** Aspen Specialty Insurance Company shall show cause why the case should not be remanded to state court for lack of subject-matter jurisdiction, as set forth herein. On or before **June 30, 2026**, the Boulware Parties and the Allen Defendants shall separately file a reply to the arguments in Aspen's response to this Show Cause Order in which they specifically state their position on whether the case ought to be remanded to state court for lack of subject matter jurisdiction. Once the matter has been fully briefed, the undersigned may make a recommendation to the presiding judge on the issue of whether the Court has subject matter jurisdiction to proceed with the case.

IT IS SO ORDERED this 2nd day of June, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE